IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EPIFANIO REYES NUNEZ, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV62 |
| | ) | |
| v. | ) | |
| | ) | |
| DRUG ENFORCEMENT ADMINISTRATION, | ) ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff filed his complaint in this matter on February 18, 2009 (Filing No. 1.)  Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 7.)  Also pending before the Court is plaintiff's second motion for leave to proceed in forma pauperis (Filing No. 8.)  The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.   PLAINTIFF'S PENDING MOTION**

Plaintiff currently has two cases pending in this Court (Case No. 8:09CV62 and Case No. 8:09CV99.)  Plaintiff has already been given leave to proceed in forma pauperis in this matter (Case No. 8:09CV62, Filing No. 7.)  However, plaintiff's other case, Case No. 8:09CV99, cannot be further processed because plaintiff did not tender the $350.00 filing fee or a request to

proceed in forma pauperis and an affidavit of poverty in support thereof (Case No. 8:09CV99, Filing No. 4.)

On March 20, 2009, the Court entered an order in plaintiff's other case, Case No. 8:09CV99, directing plaintiff to either tender a $350.00 fee to the clerk of the court or submit a request to proceed in forma pauperis and an affidavit of poverty in support thereof (Case No. 8:09CV99, Filing No. 4.) On April 2, 2009, plaintiff filed his second motion for leave to proceed in forma pauperis (Case No. 8:09CV62, Filing No. 8) and a Prisoner Account Statement in support thereof (Case No. 8:09CV62, Filing No. 9) in this case, Case No. 8:09CV62. The timing of this filing coupled with the fact that plaintiff has already been given leave to proceed in forma pauperis in this matter suggests that plaintiff mistakenly filed his motion and Account Statement in this case, Case No. 8:09CV62, when he really intended to file them in his other case, Case No. 8:09CV99. Because plaintiff is proceeding *pro se*, the clerk of the court will be directed to file plaintiff's second motion for leave to proceed in forma pauperis (Case No. 8:09CV62, Filing No. 8) and his Prisoner Account Statement in support thereof (Case No. 8:09CV62, Filing No. 9) in plaintiff's other case, Case No. 8:09CV99.

**II.   INITIAL REVIEW OF COMPLAINT**

    **A.   Summary of Complaint**

Plaintiff filed his complaint in this matter on February 18, 2009, against the Drug Enforcement Administration.[1] (Filing No. 1 at CM/ECF p. 1.)  Plaintiff is currently incarcerated in New Mexico.  (Id.)

Plaintiff alleges that on June 1, 2007, Sergeant Van Buren stopped him for speeding.[2]  (Id. at CM/ECF pp. 2, 9.) After the stop, plaintiff gave Sergeant Van Buren a Puerto Rico driver license with the name "Heriberto Coriano."[3]  Sergeant Van Buren ran this license and discovered that "Coriano was wanted in Florida for felony distribution of [h]eroin."  (Id.)  Sergeant Van Buren confirmed the "warrant and extradition" and arrested plaintiff.  (Id.)  Subsequently, Sergeant Van Buren walked "K-9 Rocky" around plaintiff's vehicle.  (Id.)  "K-9 Rocky" indicated the odor of drugs, and a subsequent search revealed a hidden compartment "consistent with compartments utilized to transport

---

[1] Plaintiff also names Sergeant E.J. Van Buren as a defendant, but does not list him as a defendant in the caption (Filing No. 1 at CM/ECF p. 1.)  Plaintiff makes no factual allegations against Defendant Drug Enforcement Administration.

[2] Plaintiff was the only vehicle occupant (Id. at CM/ECF p. 9.)

[3] In plaintiff's complaint, he asks the Court to refer to the attached Douglas County Sheriff Investigative Supplement Report for facts to support his claims.  (Id. at CM/ECF p. 3.)

drugs and drug proceeds." (*Id*.) Due to this discovery and plaintiff's arrest, plaintiff's vehicle was impounded. (*Id*.) Plaintiff seeks the return of his "vehicle and or the cash payment of its value." (*Id*. at CM/ECF p. 5.)

### B. Applicable Legal Standards on Initial Review

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint

-4-

must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**C.   Discussion of Claims**

1.   Fourth Amendment Claim Relating to the Impoundment of Plaintiff's Vehicle

The only relief plaintiff seeks is the return of his "vehicle and or the cash payment of its value." (*Id.* at CM/ECF p. 5.)  Therefore, the Court liberally construes plaintiff's complaint to allege a Fourth Amendment claim related to the impoundment of his vehicle.[4]

---

[4] It is unclear from the complaint whether plaintiff is currently incarcerated as a result of his arrest in this matter. To the extent that plaintiff is challenging his arrest, rather

Liberally construed, plaintiff's complaint alleges that Sergeant Van Buren unlawfully searched and impounded his vehicle in violation of the Fourth Amendment.  In general, searches or seizures conducted without prior approval by a judge or magistrate are unreasonable under the Fourth Amendment.  *United States v. Marshall*, 986 F.2d 1171, 1173 (8th Cir. 1993).  However, this general principle has a few "well-delineated exceptions."  *Id*. (internal quotations omitted).  Specifically, the Supreme Court has recognized that "[i]mpoundment of a vehicle for the safety of the property and the public is a valid 'community caretaking' function of the police," which does not require a warrant.  *United States v. Petty*, 367 F.3d 1009, 1011-12 (8th Cir. 2004) (quoting *Cady v. Dombrowski*, 413 U.S. 433, 441 (1973)).  In fact, officers "may take protective custody of a vehicle when they have arrested its occupants, even if it is

---

than the impoundment of his vehicle, a 42 U.S.C. §1983 action is improper.  Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought.  As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum.  Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement.  *See Heck*, 512 U.S. at 486-87.

lawfully parked and poses no public safety hazard." *United States v. Martin*, 982 F.2d 1236, 1240 (8th Cir. 1993) (citations omitted).

Here, plaintiff does not allege that Sergeant Van Buren did not have cause to search his vehicle. He only alleges that he did not give him "consent" or "written permission" to do so (Filing No. 1 at CM/ECF p. 2.) In fact, plaintiff's allegations suggest that Sergeant Van Buren did have cause to search plaintiff's vehicle. As discussed above, when Sergeant Van Buren walked "K-9 Rocky" around plaintiff's vehicle, "K-9 Rocky" indicated the odor of drugs. (*Id*. at CM/ECF p. 9.) This indication gave Sergeant Van Buren probable cause to believe there were drugs inside plaintiff's vehicle. The Supreme Court has held that "police officers who have probable cause to believe there is contraband inside an automobile that has been stopped on the road may search it without obtaining a warrant . . . ." *Florida v. Meyers*, 466 U.S. 380, 381 (1984) (per curiam); *Chambers v. Maroney*, 399 U.S. 42, 48 (1970); *see also United States v. $404,905.00 in U.S. Currency*, 182 F.3d 643, 647 (8th Cir. 1999) (stating when a canine officer alerts on the exterior of a vehicle, police officers then have probable cause to search the vehicle without the necessity of obtaining a search warrant).

In addition, plaintiff was the sole passenger in his vehicle. Thus, once he was arrested, Sergeant Van Buren had the authority to seize and remove plaintiff's vehicle under the "community caretaker" doctrine. *Cady*, 413 U.S. at 441. For these reasons, plaintiff's Fourth Amendment Claim relating to the illegal search and impoundment of his vehicle must be dismissed for failing to state a claim upon which relief may be granted.

### 2.   **State Law Claims**

Liberally construed, plaintiff may have state law claims for replevin or conversion. The Court declines to exercise supplemental jurisdiction over such claims because it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). However, the Court will dismiss plaintiff's complaint without prejudice to reassertion in the proper forum. A separate order will be entered in accordance with this memorandum opinion.

DATED this 17th day of April, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court